IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 8, 2007

Charles R. Fulbruge III
Clerk

No. 07-30187

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

MEALVINE MELODY WALKER

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 05-50117-01

Before REAVLEY, SMITH, and GARZA, Circuit Judges.

PER CURIAM:[*]

Mealvine Melody Walker pleaded guilty to possession with intent to distribute five grams or more of crack cocaine and possession of a firearm in relation to drug trafficking. The plea was conditioned on the right to appeal the denial of her motion to suppress. For the following reasons, we affirm.

1.  A confidential informant ("CI") told law-enforcement officers that Walker was selling crack cocaine on the 1800 block of Booker T. Washington Street in Shreveport, Louisiana. The CI told the officers

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Walker was sitting in a black Ford Thunderbird with the crack cocaine. After confirming that she was at the location, police officers made contact with Walker and another person who was with her. During a pat-down search, the officers discovered that the other person had cocaine, and they arrested him.

Walker was advised of her Miranda rights but was told that she was not under arrest. One of the police officers, Officer David Derrick, told Walker that he had reason to believe she had narcotics in her vehicle. She denied that she had any narcotics in the car. Officer Derrick explained to her that one of her options was to cooperate to avoid being arrested. Agent Russell Sarpy then pulled her aside and talked with her about cooperating. Officer Derrick also told her that if she did not consent to the search of her car, he would call a K-9 unit to do a dog sniff of the car. According to Officer Derrick, Walker then said that "we were going to find it anyway and that she had some cocaine and a gun in the car and that we can go ahead and get it." After being asked again if they could search the car, she told them to go ahead.

Officer Derrick entered the car and found Walker's purse, which contained two plastic bags of crack cocaine and a loaded gun. Walker then told the officers that she was selling drugs and carried the gun for protection. The entire encounter with the officers took about 20 to 30 minutes. While Walker was not arrested on that day, charges were later brought. She sought to suppress the evidence gathered pursuant to the search of her car and the statements she made to the officers. The district court denied her motion. She subsequently pleaded guilty. This appeal ensued.

2.  When reviewing a district court's ruling on a motion to suppress, we review factual determinations for clear error and questions of law de novo. United States v. Castro, 166 F.3d 728, 731 (5th Cir. 1999). The evidence is considered in the light most favorable to the prevailing party. United States v. Brigham, 382 F.3d 500, 506 n.2 (5th Cir. 2004) (en banc). Due deference is given to the credibility determinations of the district court. United States v. Solis, 299 F.3d 420, 437 (5th Cir. 2002).

3.  Walker alleges that the search of her car was improper. The initial encounter with Walker was a valid stop pursuant to Terry v. Ohio, 392 U.S. 1, 88 S. Ct. 1868 (1968), because the officers had information from a reliable CI; they knew Walker had been involved in drug trafficking in the past; and they knew that she was located in a high drug-trafficking area. See United States v. Gonzalez, 190 F.3d 668, 672–73 (5th Cir. 1999) (holding that a tip may provide the reasonable suspicion necessary to justify an investigatory stop).

    We must also consider whether the officers' subsequent actions were related in scope to the circumstances that initially justified the stop. Terry, 392 U.S. at 19–20, 88 S. Ct. at 1878–79. The officers' detainment and questioning of Walker regarding her alleged narcotics trafficking were reasonably related to the reliable information provided by the CI, which was independently confirmed by an officer who witnessed Walker at the location described, and the officers' knowledge of Walker's involvement in drug dealing.

    During the legal Terry stop, Walker consented to the search of her car. The government has the burden of demonstrating that this consent to search was voluntary. United States v. Ponce, 8 F.3d 989, 997 (5th Cir. 1993). "The voluntariness of consent is a question

of fact to be determined from a totality of the circumstances, and we review the district court's finding of voluntariness for clear error." Solis, 299 F.3d at 436 (internal citation and quotations omitted). "This court considers six factors in evaluating the voluntariness of consent to search, all of which are relevant, but no one of which is dispositive or controlling." Id. The six factors we consider are the following: (1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the defendant's cooperation with the police; (4) the defendant's awareness of his or her right to refuse to consent; (5) the defendant's education and intelligence; and (6) the defendant's belief that no incriminating evidence will be found. Id.

Considering the totality of the circumstances, Walker's consent was voluntary. For example, there is no evidence of coercive police actions. Despite Walker's protestations to the contrary, the offer of leniency if she cooperated did not vitiate her voluntariness. See United States v. Santiago, 410 F.3d 193, 202 (5th Cir. 2005) (holding that offering leniency does not always preclude finding that consent was voluntary). Walker also argues that she was coerced into giving her consent because she had been used as an informant by these officers many times in the past, and she was led to believe that if she cooperated now, she would not be prosecuted. However, in light of the totality of the circumstances, her past relationship with the officers did not affect the voluntariness of her consent to search. In fact, her past encounters with law enforcement are indicative of her "awareness of the consequences of providing assistance." Id. Walker's other arguments regarding her consent to the search are equally unavailing.

4. Walker also alleges that the statements she made to the officers should have been suppressed. She was given a warning during her interaction with the officers that is consistent with the warning described in Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602 (1966), and its progeny. Walker claims that the incriminating statements she made should be suppressed because she did not voluntarily waive her Miranda rights. The government maintains that Walker did not have to waive her rights under Miranda, even though she was given a Miranda warning, because she was not in custody at the time she made her statements. We do not reach this issue because even if she was entitled to Miranda rights, she waived them.

Waiver of Miranda rights must be made voluntarily, knowingly, and intelligently. As the Supreme Court explained: "First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." Moran v. Burbine, 475 U.S. 412, 421, 106 S. Ct. 1135, 1141 (1986). We examine the totality of the circumstances to see if the waiver choice was uncoerced and the defendant had a "requisite level of comprehension." Id. As explained above, Walker was not a novice to criminal matters and was well aware of her rights. Furthermore, her relationship with the officers, as well as their statements about possible leniency if she cooperated, do not affect the voluntariness of her waiver. We have previously held that deceptive tactics may not invalidate an otherwise lawful waiver, and

they do not invalidate Walker's waiver. See Soffar v. Cockrell, 300 F.3d 588, 596 (5th Cir. 2002) (en banc) (holding that deceit is only prohibited to the extent that it deprives the suspect of the ability to understand his or her rights and the consequences of abandoning them). There is no other indication that Walker's waiver was not voluntarily, knowingly, and intelligently made. Therefore, the district court properly denied Walker's motion to suppress her statements.

AFFIRMED.